No. A-CV-17-79

COURT OF APPEALS OF THE NAVAJO NATION

April 10, 1980

Lewis BARTON, Appellant,

vs.

Herbert CHARLEY, Appellee.

ORDER

Thomas J. Hynes, Esq., Hynes, Eastburn and Hale, Farmington, New Mexico, for Appellee and Byron Caton, Esq., Tansey, Rosebrough, Roberts and Gerding, P.C., Farmington, New Mexico, for Appellant.

## I. FACTS

This matter comes before the court on appeal from the Shiprock District Court. The cause of action arose from a shooting incident which occurred November 14, 1976, approximately one mile south of New Mexico State Road #504 near the traditional use areas of both families involved herein. Appellee's family maintains a winter residence approximately one-half mile from a corral constructed by Appellant's family. Previous to the day in question, a dispute had arisen between the families of Appellant and Appellee regarding the grazing of cattle and sheep in the area. An attempt to informally settle the dispute between the families was made before the District Grazing Committee on October 13, 1976, at which time it appeared that an agreement had been reached. However, on the day in question, an altercation ensued between Appellant and Appellee, the result of which was that Appellant shot Appellee.

Lewis Barton was charged subsequently in federal court and entered into a plea agreement in accordance with North Carolina v. Alford, 400 U.S. 25 (1970). He entered a plea to assault inflicting serious bodily injury upon the person assaulted, a misdemeanor violation of Arizona Revised Statute Section 13-245(A)(5) and deposited the sum of $2,000 in an irrevocable trust for the benefit of Herbert Charley's health, rehabilitation, education or vocational training. The period of the trust was five years and was to be administered under the supervision of the Navajo Tribal Court in Shiprock, New Mexico.

On February 2, 1978, Herbert Charley filed a civil complaint in the Shiprock District Court seeking damages in the amount of $250,000.00 for the injuries inflicted upon him as a result of the shooting.

The Shiprock District Court, by judgment dated July 7, 1979, specifically held:

1. That Appellant attempted to prevent the Appellee from grazing his livestock on land claimed by the Appellant,
2. That Appellant at all times believed that the Appellee was allowing his livestock to trespass,
3. That in attempting to prevent the Appellee from grazing on land he claimed, the Appellant <u>negligently</u> shot the Appellee,
4. That the $2,000 is insufficient to compensate the Appellee for his injuries, and
5. That the shooting resulted from Appellant's negligence and not from any malice.

The Shiprock District Court then ordered that the $2,000 irrevocable trust should remain in order to "partially compensate" the Appellee for the injuries caused by the Appellant and awarded Appellee $10,000.00 as "partial compensation" and $25.00 in court costs. Appellant's Notice of Appeal was filed August 30, 1979, and the matter was heard November 6, 1979.

## II. ISSUES

This Appeal was on questions of law, and, therefore, the findings of fact made by the Shiprock District Court are determinative. The issues raised upon appeal are threefold:

1. Was the admission of the plea agreement into evidence by the District Court reversible error?
2. Do the findings of the District Court that Appellant believed Appellee's cattle were trespassing and that Appellant's action were negligent and not done with malice justify the damages awarded?
3. Was the ambiguity in the "partial compensation" wording of the District Court's order reversible error?

For reasons stated hereinafter, the court finds that the first issue is dispositive of this appeal and that it is unnecessary to address the second and third issues.

## III. EVIDENCE OF GUILTY PLEA AS PREJUDICE

Rule 10 of the Navajo Court of Rules of Evidence states in the third paragraph:

> "Evidence of a plea of guilty, later withdrawn, or a plea of Nolo Contendere, or of an offer to plead guilty or Nolo Contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas on offers, is not admissible in any civil or crminal proceeding against the person who made the plea or offer."

The plea Agreement entered into by Appellant in the United States District Court of Arizona was an offer to plead guilty to assault inflicting serious bodily injury upon the person assaulted, a misdemenor violation of ARS Section 13-245(A)(5), a lessor included offense of the

indictment pending against him. This offer included the creation of a $2,000 trust for the benefit of Appellee and the offer was accepted by the United States District Court of Arizona. As such, it was not admissible in the civil proceeding against Appellant in the Shiprock District Court. We, therefore, conclude that the admission of the plea agreement at trial was error.

Having decided that such admission was error, we now address the question of whether it was reversible error. We conclude that it was.

The test for admissibility of all evidence is a six step process. The court must first ask if the evidence concerns a material of fact of the case. If the answer to this question is yes, the court must then ask: Does the evidence have probative value (does it tend to either prove or disprove that material fact)? If the answer to this question is yes, and the evidence is both material and has probitive value, it is then relevant. The inquiry then shifts into determining if there is any reason why evidence that is material, has probitive value, and is relevant should not be admitted into evidence.

The fourth step involves a policy decision on the part of the court. The court must determine if the admission of the evidence will mislead the trier of fact, confuse the trier of fact, unfairly prejudice the case of one of the parties, cause undue delay to the proceedings, waste the time of the court, or is a needless presentation of cumulative evidence. If any of these things are applicable, the evidence is not admissible. These very principles are articulated in Rule 7 of the Navajo Court Rules of Evidence to which these principles apply (character evidence, subsequent remedial measures, compromise and offers to compromise, and liability insurance). The third paragraph of Rule 10 specifically states that evidence of the type admitted in the instant case is not admissible for one of these policy reasons.

The fifth step for the test of admissibility of evidence is an inquiry as to whether the offered evidence is competent. That means that the court must inquire as to whether the evidence is reliable. Navajo Court Rule of Evidence Numbers 16, 17, 19, 20 and 23 give examples of types of evidence that are sometimes competent and sometimes not and the criteria upon which to make the decision. Rule 25 states that hearsay evidence is never competent because it is not reliable, but Rule 26 lists the hearsay exceptions which are admissible because judicial experience has proven them to be competent and, therefore, reliable.

The final step in determining the admissibility of evidence, if it has passed the first five steps of inquiry, involves an inquiry as to whether the evidence is privileged. Rules 12 through 15 list these privileges. If a privilege exists, the evidence is not admissible on the grounds that it is privileged.

Applying these principles to the instant case, we find that the admission of Appellant's plea agreement in the Federal District Court of Arizona failed to meet the criteria of admissibility under the fourth step. The admission of this evidence was unfairly prejudicial to Appellant's case and we, therefore, hold that the violation of the third paragraph of Rule 10 was reversible error.

For the reasons set forth above, we hereby REVERSE the decision of the Shiprock District Court.

July 21, 1980

## ORDER CORRECTING OPINION

Nelson J. McCABE, Acting Chief Justice of the Navajo Nation

The above entitled appeal having been decided by the Navajo Nation Court of Appeals on April 10, 1980, and said opinion having been published as 3 Nav.R. 1, it has been brought to the attention of the Shiprock District Court was reversed but that the opinion fails to state that the matter was remanded to the Shiprock District Court for further proceedings.

Therefore, it is hereby ORDERED that the opinion in the above entitled matter shall be corrected in the second to the last paragraph appearing at 3 Nav.R. 4:

> "for the reasons set forth above, we hereby REVERSE the decision of the Shiprock District Court and REMAND this matter for further proceedings."

Dated this 21st day of July, 1980.